IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3238-FL

| | | |
|---|---|---|
| DARRYL BOYD ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN HERRING, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 42) and to seal medical records filed in support thereof (DE 47). Also before the court is plaintiff's motion for default judgment (DE 59). Plaintiff responded in opposition to the motion for summary judgment and in this posture the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on August 10, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his rights under the Eighth Amendment to the United States Constitution by failing to implement policies and other measures to protect plaintiff from infection with COVID-19 when he was housed at the Maury Correctional Institution ("Maury C.I."). Defendant, sued in his individual capacity, is John Herring, the warden of the Maury C.I. during

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendant Todd Ishee on February 28, 2022.

the relevant time period. As relief, plaintiff seeks compensatory and punitive damages and various forms of injunctive relief.

Following a period of discovery, and in accordance with the court's case management order, defendant now moves for summary judgment. Defendant argues that the undisputed evidence shows he did not violate plaintiff's Eighth Amendment rights, and that the claims seeking monetary damages are barred by qualified immunity. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: declaration of Jaren Kelly, defendant's counsel, with exhibits including plaintiff's disciplinary infraction history, North Carolina Governor Roy Cooper's Executive Order 121, and plaintiff's medical records; 2) defendant's personal declaration; and 3) declaration of Brandeshawn Harris, the Chief Deputy Secretary for the North Carolina Department of Adult Corrections, with exhibit titled "Daily Briefing." Plaintiff responded in opposition to the motion, relying on memorandum of law.

## DISCUSSION

A.  Motion for Summary Judgment

  1.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

2

Case 5:21-ct-03238-FL    Document 61    Filed 03/20/24    Page 2 of 8

then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2.  Analysis

Defendant has satisfied his burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def's Mot. (DE 42); Def's Mem. (DE 43)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he has failed to provide any competent summary judgment evidence supporting his claims. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff's responses to the motion for summary judgment are insufficient to create a triable issue of fact because they do not include sworn testimony such as verified affidavits or declarations, or other documentary evidence supporting his claims. (See DE 51, 55); see also Fed. R. Civ. P. 56 (c)(1). And although some of the exhibits plaintiff filed as attachments to the complaint contain sworn statements (see DE 1-2, 1-3), these filings do not create a genuine issue of material fact for the reasons set forth below.

Plaintiff's claim that defendant failed to protect him from COVID-19 infection also fails on the merits. Under the Eighth Amendment, prison officials must "provide humane conditions of confinement [by] ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To determine whether an inmate's "conditions of confinement amount to cruel and unusual punishment," the court evaluates the alleged unconstitutional conditions "against the

4

evolving standards of decency that mark the progress of a maturing society." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019).

An Eighth Amendment conditions of confinement claim has objective and subjective components. Id. "To satisfy the objective prong, an inmate must demonstrate that the deprivation alleged was, objectively, sufficiently serious." Id. And "[t]o be sufficiently serious, the deprivation must be extreme – meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from . . . exposure to the challenged conditions." Id.; see also De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).

The subjective prong requires a plaintiff to "demonstrate that prison officials acted with deliberate indifference." Porter, 923 F.3d at 361; Scinto, 841 F.3d at 225. "To prove deliberate indifference, [the] plaintiff must show that the official knew of and disregarded an excessive risk to inmate health or safety." Porter, 923 F.3d at 361. Thus, deliberate indifference is "more than mere negligence" but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

Here, even if the court were to consider the unsworn statement of facts and plaintiff's other filings in response to the motion for summary judgment (DE 55), or the declarations attached to the complaint (DE 1-2, 1-3), plaintiff has failed to establish an Eighth Amendment violation under the foregoing standard. Defendant implemented extensive measures to protect plaintiff and other inmates from COVID-19. (See Def's Stmt. (DE 44)). And where plaintiff fails to offer sworn testimony or other evidence contesting this fact, he cannot establish deliberate indifference to unconstitutional conditions of confinement. See Farmer, 511 U.S. at 844 ("[P]rison officials who

5

actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."); Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

To the extent plaintiff asserts that nursing staff or correctional officers failed to follow the COVID-19 policies, he provides no evidence suggesting defendant was aware of and ignored these issues. Moreover, the fact that plaintiff was transferred erroneously to the Maury C.I. prior to becoming infected with COVID-19 is not relevant to a claim alleging defendant failed to protect him from COVID-19. And defendant was not involved in plaintiff's medical care. (See Def's Stmt. (DE 44)). Thus, to the extent plaintiff is asserting denial of medical care after contracting COVID-19, plaintiff cannot pursue that claim against defendant. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (explaining that vicarious liability is inapplicable in § 1983 suits, and therefore "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution").

Finally, plaintiff's first response to the motion for summary judgment suggests that he is requesting additional discovery from defendant. (See DE 51 at 2, 4). Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion [for summary judgment] or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014). Although relief under Rule 56(d) is "broadly favored and should be liberally granted," the court "may deny a Rule 56(d) motion when the information sought would

not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." Goodman v. Diggs, 986 F.3d 493, 501 (4th Cir. 2021); McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 484 (4th Cir. 2014).

Here, plaintiff does not explain how the information sought would create a genuine issue of material fact. Moreover, the court provided plaintiff ample time to complete discovery prior to defendant filing the instant motion. (See Initial Order (DE 18)). Accordingly, any request for relief under Rule 56(d) is denied.

B.      Motions to seal and for default judgment

Plaintiff also moves for default judgment, arguing that defendant failed to respond to various issues raised in his response to the motion for summary judgment. The Federal Rules of Civil Procedure permit default judgment in the event a party fails to plead or otherwise defend an action brought against it. See Fed. R. Civ. P. 55. Here, defendant filed answer to plaintiff's complaint and moved for summary judgment. (DE 15, 42). Accordingly, defendant has not failed to plead or otherwise defend, and the plaintiff's motion is without merit.

Defendant moves to seal plaintiff's medical records filed in support of the motion for summary judgment. The public has received adequate notice of the motion to seal. See In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). Regarding the documents the parties seek to seal in their entirety, no less drastic alternative to sealing is available because the private information appears throughout the filings sought to be sealed. See Doe v. Pub. Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). Plaintiff's interest in preserving the confidentiality of his private health conditions outweighs any public interest in disclosure. Accordingly, the court will seal these records.

C.  State law claim

To the extent plaintiff alleges state law negligence claim in his complaint, the court declines to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367(c)(3) (providing district court "may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction."). As the Supreme Court has explained, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, the court will dismiss any state law claim without prejudice.

## CONCLUSION

Based on the foregoing, defendant's motions for summary judgment (DE 42) and to seal plaintiff's medical records (DE 47) are GRANTED. Any state law claim is DISMISSED without prejudice. Plaintiff's motion for default judgment (DE 59) is DENIED. The clerk is DIRECTED to maintain docket entry 46-4 under seal, and to close this case.

SO ORDERED, this the 20th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge